IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AARON REYES RANGEL,<br>TDCJ #1350692,<br><br>Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice -<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-10-1776 |

## MEMORANDUM AND ORDER

The petitioner, Aaron Reyes Rangel (TDCJ #1350692), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Rangel has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. Rangel has also filed a memorandum in support of his petition. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

## I.    BACKGROUND

Rangel reports that he was convicted by a jury in the 180th District Court of Harris County, Texas, of aggravated sexual assault on a child in cause number 999638. The same jury sentenced Rangel to serve thirty years in prison. An intermediate court of appeals affirmed the conviction on June 14, 2007. *See Rangel v. State*, No. 14-06-0090-CR (Tex.

App. — Houston [14th Dist.]).  The Texas Court of Criminal Appeals refused his petition for

discretionary review on January 23, 2008.  Rangel remains incarcerated at the Ellis Unit in

Huntsville.

In a petition dated May 11, 2010, Rangel now seeks a writ of habeas corpus to

challenge his state court conviction under 28 U.S.C. § 2254.  According to the pleadings,

Rangel contends that he is entitled to habeas corpus relief because he was denied effective

assistance of counsel.  Rangel contends further that the victim made inconsistent statements

to police and that the evidence was factually insufficient to support the jury's guilty verdict.

Rangel discloses that he has raised similar claims in state court in an application for

habeas corpus relief under Article 11.07 of the Texas Code of Criminal Procedure.  Rangel

admits in his petition that this application for state habeas review remains pending in the trial

court.  Therefore, the Texas Court of Criminal Appeals has not yet addressed the claims that

he now attempts to raise on federal habeas review.  Because the state's highest court of

criminal jurisdiction has not yet adjudicated the merits of his claims, the pending federal

petition must be dismissed at this time for reasons explained briefly below.

## II.   <u>EXHAUSTION OF REMEDIES</u>

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of

habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall

not be granted unless it appears that . . . the applicant has exhausted the remedies available

in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all

available state remedies before he may obtain federal habeas corpus relief." *Sones v.*

*Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented."   28 U.S.C. § 2254(b)(1)(C).  In Texas, a criminal defendant may challenge a conviction by taking the following paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d

708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Rangel admits that he has not completed state habeas corpus review under Article 11.07 of the Texas Code of Criminal Procedure and that he has not exhausted all available state remedies with respect to his claims. Rangel contends that exhaustion should be excused in this case because his state habeas application has been pending for approximately sixteen months. Rangel reports that he mailed his state habeas application in December of 2008. According to exhibits provided by Rangel, the State of Texas filed a prompt answer to that application. Thereafter, the trial court granted a continuance so that Rangel's defense counsel could proved an affidavit in response to the allegations of ineffective-assistance raised in Rangel's habeas application. Rangel reports that, although his defense counsel has provided his affidavit, the trial court has yet to issue written findings of fact and conclusions of law or transmit his application to the Texas Court of Criminal Appeals for an adjudication of the merits. Rangel notes that he has filed a letter and a petition for a writ of mandamus in an effort to force the trial court to complete its review, but the Texas Court of Criminal Appeals has denied relief in each instance without a written order. *See Ex parte Rangel*, No. 72,725-01 (Tex. Crim. App. Sept. 30, 2009) & No. 72,725-02 (Tex. Crim. App. Feb. 3, 2010).

The exhibits provided by Rangel establish that there has been some delay by the trial court in deciding his state habeas application. As outlined above, however, the exhibits also

demonstrate that some of this delay was required after the trial court granted defense counsel a continuance to respond to numerous allegations of ineffective-assistance lodged in Rangel's application. This record shows that the trial court has processed Rangel's application and that it has not ignored his claims. Rangel has not established that the length of delay is unreasonable under the circumstances. Nor has he shown that requiring exhaustion would be futile. Because his application remains pending and review by the Texas Court of Criminal Appeals remains available, Rangel does not demonstrate that he fits within a recognized exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has completed its review of the petitioner's claims. It follows that the pending federal habeas petition must be dismissed as premature.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Because the exhaustion prerequisite to federal habeas corpus review is well established, the

Court concludes that jurists of reason would not debate whether the procedural ruling in this

case was correct.  Accordingly, a certificate of appealability will not issue in this case.

## IV.    CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1.     The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the

petitioner to exhaust all available remedies on all his claims to the state's

highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2.     A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on  May 20, 2010.

Nancy F. Atlas
United States District Judge